CHRISTIAN GOTTWALD *against* SIMEON BERNHEIMER
(IMPLEADED).

(Decided December 6th, 1875.)

In an action to recover damages for the negligence of the defendants, resulting in the running away of the defendants' horse, and his colliding with and injuring the horse of the plaintiff, no presumption of negligence on the part of the defendant is created where all that appears is that the horse was fastened in the street with a strap, which he broke and ran away.

APPEAL by plaintiff from a judgment of the Marine Court. of the city of New York entered on an order made by the General Term of that court, affirming a judgment entered on an order made at trial term dismissing the complaint.

This action was brought to recover damages alleged to have been sustained by plaintiff by the negligent act of a servant of defendants in allowing a horse owned by them to run away in a public street in the city of New York, and run against plaintiff's horse, and wound him in such a manner as to render him comparatively useless and valueless.

On the trial, at the close of plaintiff's evidence, which only showed the occurring of the accident, a motion was made to dismiss the complaint, which motion was denied. The defense then called as a witness one Henry Altenbrand, who swore that he had been in charge of the horse at the time it ran away; that the horse did not belong to the defendants, but was the property of the brother of the defendant Simeon Bernheimer, and had been left with him for sale, but he was not allowed to use him in his business, and that he (witness), seeing him standing in the stable, had taken him for the purpose of exercising him, and gone with him about some business for the defendants in whose employ he was.

At this point the court said to the plaintiff's counsel, " unless you have some testimony to contradict the testimony of this gentleman as to the ownership of this horse, there is no use

in going further." Both sides then rested, and the court dismissed the complaint.

*Spencer L. Hillier*, for appellant.

*Jacobs & Koch*, for respondents.

CHARLES P. DALY, Chief Justice.—It is not material in this case to inquire whether the possession of the horse by the defendants for the purpose of sale, and the use of him by the defendants' servant upon the occasion of the accident, and upon one or two previous occasions in the business of the defendants' firm, was sufficient or not to make the defendant answerable for the injury; for when the judge dismissed the complaint there was not enough in the evidence to entitle the case to go to the jury upon the question of negligence ; unless we could hold that the fact that the defendants' servant, without objection on the part of his employers, drove this horse in a wagon, when the horse had previously run away, was an act of negligence, and that the collision was a direct consequence of that negligence, and I do not think that we can go that far. All that the plaintiff had proved by his witnesses when he rested his case, was that the horse was running away with the cart attached to it, when it collided with the horse and cart of the plaintiff, and produced the accident. The defendant Altenbrand testified that he stopped at the malt house, tied the horse with a strap, and went in to attend to his business, and had got about as far as the office, when he heard loud cries of "runaway," and returning and looking around, saw that the horse was running away, the horse having broken the strap in two. This is all that there is in the evidence, and it does not show that there was any negligence on the part of the defendants' servant. He did all that he could be expected to do when he tied the horse with a strap upon going into the malt house.

JOSEPH F. DALY, J.—When the case was arrested by the judge before whom it was tried, the plaintiff's case had been closed, and he was properly nonsuited unless he had *proved*

*negligence* on the part of defendants. The judge would have
been justified in dismissing the complaint when defendants
made the motion, and he had the right to do so at any stage of
defendants' case (if no further proof charging defendants had
meanwhile been given) without waiting for plaintiff to reopen
his case and supply deficiencies.

No negligence had been proved. The mere fact that horses
attached to a wagon of defendants ran away and injured plaint-
iff's horse, proves no wrongful act of defendants. This has
been held in this court in two cases (*Quinlan* v. *6th Ave. R.
R.* 4 Daly, 487 ; *Furlong* v. *B'way & 7th Ave. R. R.* not re-
ported, a general term case).

The horse may have run away of his own accord, in which
case the owner is not answerable (*Rex* v. *Timmins*, 7 C. & P.
499). Affirmative proof must be given that defendants neg-
lected some precaution or care, and the running away occurred
from that circumstance (*Sullivan* v. *Scripture*, 3 Allen, 564 ;
*Dressler* v. *Davis*, 7 Wis. 527 ; *Albert* v. *Bleecker St. R. R.*
2 Daly, 389 ; *Griggs* v. *Frankenstein*, 14 Minn. 81). In *Al-
bert* v. *Bleecker St. R.R.* in this court (*supra*), it was held no
proof of negligence to show that a horse was left untied in the
public street ; it was necessary to go further and show that his
disposition or propensities made it unsafe to so leave him.

If the horse was properly fastened and took fright, broke
his fastening and ran away, it was an unavoidable accident for
which defendant was not liable. But plaintiff did not show
what caused him to run away, nor whether he was left un-
fastened. The mere fact of his running away was therefore
as consistent with no negligence of defendants as with their
negligence, and proved nothing (*Cotton* v. *Wood*, 8 Com. B.
[N. S.] 566). It is only where a passenger, carried under con-
tract is injured by the alleged negligence of the carrier, that it
is sufficient to show the accident, running away of the horses,
throwing of cars off the track, and the like, to establish a
*prima facie* case, and throw the burden on defendant of prov-
ing that the occurrence was owing to no want of care on his
part. But between strangers the plaintiff assumes the burden
of affirmatively proving negligence (*Hammack* v. *White*, 11 C.

B. [N. S.] 588; *Goodman* v. *Taylor*, 5 C. & P. 410; *Cox* v. *Burbridge*, 13 C. B. [N. S.] 430; *Bigelow* v. *Reed*, 51 Maine, 325). The expression of Commissioner Earl in *Unger* v. *42d St. R. R.* (51 N. Y. 500), to the effect, that "unexplained," the defendant's horses being unattended and unfastened in the street, made out a *prima facie* case of negligence, is *obiter*, and no authorities are cited to sustain it. It was not necessary to the decision of the case. The well considered opinions in the English case of *Cotton* v. *Wood* (*supra*), unquestionably establish the true rule.

The judgment should therefore be affirmed.

Loew, J., concurred.

Judgment affirmed.