John Doherty, Plaintiff, *v.* Charles S. Sweetser, Defendant.

*Horses unattended upon a public street — negligence inferred therefrom — burden of proof.*

It is negligence to allow horses to be in a public street unattended, and where they are so found the natural inference is that it was permitted, and it is not incumbent upon a party claiming damages caused by reason thereof to prove the existence of negligence on the part of the party charged with the care of the horse.

The burden is upon the party seeking to avoid the results arising from such a state of facts to show that he has used all proper means to prevent the same and that he was without fault.

Motion by the defendant, Charles S. Sweetser, for a new trial, on a case containing exceptions, ordered to be heard at the General

·Term in the first instance, upon the verdict of a jury rendered after a trial at the New York Circuit on the 19th day of April, 1894.

*Henry Schmitt,* for the plaintiff.

*Robert E. Deyo,* for the defendant.

VAN BRUNT, P. J.:

This action was brought to recover damages suffered by the plaintiff, he having been run over in the street by a horse. The evidence in this case showed that a horse belonging to one Dolman, which had been hired by the defendant and used by him during the day drawing coal off a canal boat into the yard of the defendant, in the evening ran out of the yard with no harness or halter upon him, and colliding with the plaintiff injured him severely. This action was brought to recover damages for such injuries. Upon the case being submitted to the jury, no evidence having been offered upon the part of the defendant, a verdict was rendered in favor of the plaintiff.

It is urged that it was error to submit the case to the jury, upon the ground that there was no proof of negligence upon the part of the defendant in allowing this horse to be at liberty in the public street. And this question is brought up by an exception to the charge, the court having instructed the jury that in the absence of explanation upon the part of the defendant it had a right to impute negligence from the fact of the horse being in the street without harness, without halter and unattended. It is urged that it is necessary for the plaintiff to show some act of omission or commission upon the part of the defendant by reason of which the horse got into the street unattended. It is further urged that it is not shown how the horse got on the street — whether he started away without cause or broke away, or under what circumstances he started off; and that such proof as was furnished by the plaintiff does not meet the requirements of the law in regard to the burden of proof in respect to negligence. Our attention has been called to various cases where this question has been discussed. It has been held that leaving horses unfastened in a public street is undoubted negligence (*Norris* v. *Kohler,* 41 N. Y. 42), and our attention is also called to cases in which it has been held

that the mere fact of horses running away does not necessarily impute negligence. But in those cases it appears that the horses were properly attended and attempted to be controlled, but we are cited to no case holding that negligence is not imputed where a horse is found loose upon the street and causes damage, unless the owner shows the circumstances under which the escape has occurred. It is negligence to allow horses to be in the public street unattended; and where they are so found the natural inference is that it was permitted, and it is not incumbent upon the party claiming damage to prove the negative of such permission. The burden is upon the party seeking to avoid the results arising from such a state of facts to show that he has used all proper means to prevent the same and that he was without fault.

It would seem, therefore, that the rule laid down by the learned court was correct, and that the fact that this horse was in the street unattended called upon the defendant to make some explanation as to how he got there. It would certainly be placing upon the plaintiff a burden which is entirely foreign to the ordinary rules of law to compel him to go into this yard from which this horse escaped and prove what was done there in reference to its management; facts which are peculiarly within the knowledge of the defendant, and which, if there had been no negligence, he would have had no difficulty in showing.

We are of opinion, therefore, that the exceptions should be overruled and judgment ordered upon the verdict, with costs.

PARKER, J., concurred.

Exceptions overruled; judgment ordered on verdict, with costs.