(22 Misc. Rep. 602.)

### DAVIS v. KALLFELZ.

(Onondaga County Court. February, 1898.)

1. NEGLIGENCE—PRESUMPTIONS—UNATTENDED HORSE.
    In the absence of an explanation, one is presumed to be negligent where his horse, left unattended in a public street, runs away and inflicts injury.
2. APPEAL—RECORD—JUSTICE'S OPINION.
    A finding of a justice of a municipal court that plaintiff's contributory negligence precludes a recovery will not be reversed, where there is evidence to sustain it, though the return of the justice contains an entry showing that he based his decision on a mistaken opinion that a violation of a certain

ordinance by plaintiff was negligence, which precluded a recovery as a matter of law, as the statute makes no provision whereby such an entry may become a part of the record.

**8. NEGLIGENCE—VIOLATION OF ORDINANCES.**

Allowing a vehicle to remain detached in a public street, in violation of an ordinance, is not, as a matter of law, such contributory negligence as to preclude a recovery against one whose team ran away and collided with it.

Appeal from municipal court of Syracuse.

Action by Isaac C. Davis against Carl F. Kallfelz to recover damages for injuries caused by a collision with plaintiff's buggy. Judgment for defendant, and plaintiff appeals. Affirmed.

Goodelle & Nottingham, for appellant.

Hopkins & Bondy, for respondent.

ROSS, J. Appeal from a judgment of the municipal court of the city of Syracuse in favor of the defendant for $9.70 costs. The return of the justice contains this entry: "Plaintiff left his wagon in the street from six o'clock until ten o'clock a. m., in violation of the city's charter, which was a wrongful act, and prevents him from recovering,"—and signed by the judge of the municipal court below, who tried the case.

The evidence, in brief, shows that during the temporary absence of the defendant's driver a team belonging to the defendant ran away and collided with a buggy belonging to the plaintiff, which at the time was standing between the curb and the sidewalk upon a public street in the city of Syracuse. This action is brought to recover damages for such injuries. The plaintiff claims that the facts developed upon the trial—i. e. the fact that the team was left unattended, that it ran away, and that the driver, when placed upon the stand by the defendant, was not questioned as to his management of the team at the time (Milliman v. Railroad Co., 3 App. Div. 110, 39 N. Y. Supp. 274)—make it a prima facie case of negligence, calling upon the defendant to make some explanation of his conduct. The defendant called no witnesses who gave any explanation as to how the accident occurred, or showed that it was from fright, or from causes for which the defendant was blameless, or against which he had taken proper precaution.

Contrary to my impression upon the argument, I am convinced that this contention is correct, and that the fact that a horse is left unattended in the public street, and in fact runs away, is evidence of negligence, which requires a decision in accordance with such a conclusion if not explained. Pearl v. Macaulay, 6 App. Div. 70, 39 N. Y. Supp. 472; Doherty v. Sweetser, 82 Hun, 556, 31 N. Y. Supp. 649; Norris v. Kohler, 41 N. Y. 42, 46, and cases; Unger v. Railroad Co., 51 N. Y. 498.

In so far as the judgment is a determination of the defendant's negligence, this is not a decision of a justice of the peace upon conflicting evidence, or upon evidence from which different inferences can be drawn, and, therefore, final upon appeal. Hommel v. Meserole, 18 App. Div. 106, 45 N. Y. Supp. 407. Therefore, the judgment must be reversed, unless there is evidence to sustain the

finding of the justice that the plaintiff was guilty of contributory negligence.

Section 6, c. 40, of the ordinances of the city of Syracuse (offered in evidence by the defendant), provides the punishment for leaving a detached vehicle in a public street: "Who shall permit any detached vehicle to remain in any public street" shall be, etc. No time is specified as being necessary to bring a person within the terms of this ordinance. At the time of the happening of the accident, and for four or five hours prior thereto, the vehicle in question stood within the confines of a public street in the city of Syracuse, but not in a roadway, being situated between the curb and the sidewalk. It is earnestly contended by the plaintiff that this fact does not, as a matter of law, constitute the proximate cause of the plaintiff's injury, and that it should be held as a matter of law that it is no defense to this action. The defendant contends, with equal earnestness, that the state of facts developed upon the trial in relation thereto, showing an unlawful act, and creating, as is claimed by the defendant, a nuisance, prevents, as a matter of law, a recovery by the plaintiff; and this was the view apparently taken in the mental operation of the justice in deciding the case. But the mental operation of the justice in deciding the case has nothing to do with the record. It is not made by statute a part of the record, and could not be offered in evidence upon a question whether a decision rendered embraced issues presented within a subsequent decision. Agan v. Hey, 30 Hun, 591.

The commission of an unlawful or a prohibited act by the plaintiff, in an action of negligence, does not necessarily prevent a recovery. Davies v. Mann, 10 Mees. & W. 546 (the case of a donkey fettered in a highway); Platz v. City of Cohoes, 89 N. Y. 219 (in this case the plaintiff was injured while traveling in violation of the statute relative to the observance of Sunday); also, Carroll v. Railroad Co., 58 N. Y. 126; Connolly v. Ice Co., 114 N. Y. 104, 21 N. E. 101. In the case last cited the plaintiff, an infant, was injured by a collision between a street car on which he was riding and a wagon belonging to the defendant. The plaintiff was at the time riding upon the platform of a street car. It was held: (a) That while such act—i. e. riding on the platform—might be a defense in an action against the railroad company, it could not be asserted by a third party. (b) The plaintiff was riding upon the platform in violation of a statute. "While the violation of such statute may be proved as a fact for consideration by the jury, such violation does not, for all purposes, necessarily establish negligence, * * * the getting upon the car was not the immediate cause of the plaintiff's injury; and, assuming that the plaintiff violated the statute, he was not for that reason denied the right to assert the defendant's negligence as the cause of the injury, and charge the defendant with liability as the consequence." Knupfle v. Ice Co., 84 N. Y. 488, in which it was held that the proof of the violation of a city ordinance does not estabish negligence per se, but is some evidence for the consideration of the jury.

The question of contributory negligence may be disposed of by

the court when no facts are in dispute or no weighing of testimony is necessary. Sherry v. Railroad Co., 104 N. Y. 652, 10 N. E. 128. In Thurber v. Railroad Co., 60 N. Y. 331, it is held in the opinion of Mr. Judge Allen: "When the inferences to be drawn from the proof are not certain and incontrovertible, it cannot be decided as a question of law, by directing a verdict or nonsuit, but must be submitted to the jury." Atwater v. Town of Veteran (Sup.) 6 N. Y. Supp. 907. That the violation of a statute or ordinance is evidence for the consideration of a jury upon the question of negligence, see Knupfle v. Ice Co., 84 N. Y. 488, and McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153. In the last case it is held that the omission of the owner of a building in the city of New York to comply with certain statutory requirements in regard to protecting the openings in the different floors is prima facie evidence of negligence. Blanchard v. Steamboat Co., 59 N. Y. 292, and Hoffman v. Union Ferry Co., 68 N. Y. 385, hold that the failure of an injured vessel to comply with statutory regulations is not per se a bar to a recovery, but is one of the circumstances to be considered in ascertaining the proximate cause of the injury.

The attorney for the appellant cites in his supplemental brief a number of cases: Platz v. City of Cohoes, 89 N. Y. 219; Davies v. Mann, 10 Mees. & W. 546; Williams v. Iron Works, 31 Hun, 392; McKeon v. Railway Co., 20 App. Div. 601, 47 N. Y. Supp. 374; Haley v. Earle, 30 N. Y. 208; and Austin v. Steamboat Co., 43 N. Y. 75. He claims that these cases hold that the violation of a statute or ordinance, or other unlawful act, alleged in these respective cases, does not, as a matter of law, constitute contributory negligence.

The cases of Davies v. Mann and McKeon v. Railway Co. have to do with the interesting question, constantly growing in importance, of the distinction relative to an antecedent negligence which might not be concurrent in such a sense as to relieve the defendant from liability (and in both of these cases the act alleged as contributory negligence was not the violation of any statute or rule or ordinance), and decide that, when the plaintiff has placed himself in a dangerous position, the defendant, advised of his situation, is not, for that reason, legally justified in injuring him.

In Austin v. Steamboat Co., Church, C. J., said:

"The referee before whom this action was tried found, as a conclusion of fact, that the injury complained of was caused by the negligence of the defendant, and that the plaintiff was free from any negligence which contributed to the injury; and this court is concluded by these findings."

In Haley v. Earle, Ingraham, J., said:

"The only question in this case is whether the judge erred in submitting to the jury the question whether the want of a helmsman on board of the barge contributed to the accident, and, if not, that that fact did not prevent the plaintiff's recovery."

In Williams v. Iron Works, it was held to be error not to submit to the jury as a question of fact whether, under the circumstances of that case, the plaintiff's intestate was guilty of contributory negligence. In other words, it is held in the cases referred to that the question of the contributory negligence of the plaintiff is a

question of fact, and they do not hold that the acts of the plaintiff did not constitute contributory negligence.

In this case it is claimed that the plaintiff had violated an ordinance of the city of Syracuse. This is a circumstance for a jury to consider, under the cases above cited. The location of the detached vehicle with reference to the roadway, the length of time it had remained in that situation and all the circumstances connected therewith, present facts from which different men might draw different inferences. Therefore, the justice's decision of these issues in favor of the defendant will not be disturbed upon appeal. The verdict of a jury settles in favor of the prevailing party every question of fact litigated upon the trial. Wolf v. Insurance Co., 43 Barb. 400.

In Burnham v. Butler, 31 N. Y. 480, Mr. Justice Potter states the rule laid down by Bronson, J., in Stryker v. Bergen, 15 Wend. 491, to be:

"That where, on a trial in a justice's court, there is evidence on both sides, and even where there in only slight evidence in support of the cause of action on which there is a recovery, the county court is not authorized to reverse the judgment, although such court may arrive at a conclusion upon the facts of the case, or the weight of evidence, different from that drawn by the justice."

This is equally applicable in a case where different inferences can be drawn from a conceded state of facts. If it is desired by the attorneys or by the court below to present a decision as a question of law, it should be done by granting or refusing an application to nonsuit. For the reasons heretofore stated the judgment is affirmed, with costs.

Judgment affirmed, with costs.