## KELLY v. ADELMANN.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. NEGLIGENCE—RUNAWAY HORSE—EVIDENCE.
    Where plaintiff, on stepping from the sidewalk into the street for the purpose of taking a street car, was knocked down by defendant's runaway horse, proof that the horse, attached to a wagon, was on the street unattended, was prima facie evidence of negligence on defendant's part.

2. SAME—OWNERSHIP OF HORSE—EVIDENCE.
    Where, in an action against A. to recover for injuries caused by a runaway horse, plaintiff testified that the horse belonged to "A. Bros.," but there was no proof that defendant belonged to such firm, the defect, if any, was cured by defendant's witness testifying that the horse was A.'s.

3. SAME—CONTRIBUTORY NEGLIGENCE.
    Where plaintiff, at twilight, desiring to take a street car, stepped into the street to see if a car was coming, and was knocked down by a runaway horse, it was not negligence, as a matter of law, for him to so step into the street, or to fail to see the approaching horse.

Appeal from municipal court, borough of Queens, First district.
Action by James Kelly against Albert Adelmann. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

A. T. Payne, for appellant.
James H. Power, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff has recovered a judgment of $411 damages and costs for personal injuries sustained by him in consequence of being thrown down in a public street by a runaway horse belonging to the defendant. The plaintiff had stepped from the sidewalk into the street for the purpose of taking passage upon a street car. While in this situation,

a horse and wagon came along, unattended by any driver or other person, and struck him so that he was knocked down and hurt, and for a period of 10 weeks he was unable to resume his ordinary occupation as a stonecutter. He described his injuries as consisting of a broken finger, two stitches in his eye, dislocation of his arm, and bruises upon his leg. It is contended in behalf of the appellant that negligence could not properly be inferred from the occurrence of such an accident. The rule, however, is the other way. Pearl v. Macaulay, 6 App. Div. 70, 39 N. Y. Supp. 472; Doherty v. Sweetser, 82 Hun, 556, 31 N. Y. Supp. 649. In the case first cited the plaintiff, while crossing a city street, was injured by the defendant's horse and wagon, which at the time were not attended by any person. On proof of these facts this court held, in an opinion by Mr. Justice Cullen, that the plaintiff presented a prima facie case of negligence on the part of the defendant. In the second case the horse which caused the injuries was running in the street without any harness or halter upon him, and the court said:

"It is negligence to allow horses to be in the public street unattended, and where they are so found the natural inference is that it was permitted, and it is not incumbent upon the party claiming damage to prove the negative of such permission. The burden is upon the party seeking to avoid the results arising from such a state of facts to show that he has used all proper means to prevent the same, and that he was without fault."

The same rule is equally applicable to the case of an unattended horse, attached to a vehicle, found running away upon a public street. In Gray v. Tompkins (City Ct. N. Y.) 15 N. Y. Supp. 953, cited in behalf of the appellant, the team appears to have been attended by a young man, who was holding on to the end of the tongue of the truck at the time of the runaway; and that fact distinguishes the case from those above cited and the case at bar. If it did not, the decision would have to be disregarded, as in conflict with the rule of law on the same subject laid down in the supreme court.

It is argued that the trial court erred in refusing to dismiss the complaint, inasmuch as when the plaintiff rested no evidence had been given showing that the horse which did the injury was the property of the defendant. While the plaintiff had testified positively that the runaway horse belonged to Adelmann Bros., there was no proof that the defendant belonged to such a firm. If there was a defect in this respect, however, it was supplied by the testimony in behalf of the defendant himself, for one of his witnesses, when asked whose horse and wagon it was, answered "Adelmann's"; and there can be no doubt that by this answer he intended to refer to the defendant.

The question of contributory negligence was one of fact for the court, and we cannot say that any error was committed in acquitting the plaintiff of any imprudence leading to the accident. It was entirely proper for him to go out into the street to see if a car was coming, as he says he did; and it was not negligence, as matter of law, for him to fail to see the runaway horse approaching in the twilight.

It is also argued that the trial court erred in striking out the testimony of a policeman to the effect that he saw the plaintiff shortly after the accident, and "it looked as though he had been drinking some"; but no exception was taken to the action of the court in this respect.

No other point requires discussion, and we think the judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.