(86 App. Div. 263.)

McGAHIE v. McCLENNEN.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. NEGLIGENCE—COLLISION—EVIDENCE.
In an action for the recovery of damages to plaintiff's wagon in consequence of a collision with defendant's wagon, evidence examined, and *held* sufficient to support a finding that defendant was negligent.

2. SAME.
Where the evidence justified the inferences that the driver of a team of horses negligently lost control of them, or that he was not competent to drive them, and that the owner was aware of that fact, a finding that the owner was negligent was supported by the evidence.

3. SAME.
The mere running away of a team of horses does not necessarily imply that the driver was negligent.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by John McGahie against Anna McClennen. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

Francis B. Mullin, for appellant.
Mitchell May, for respondent.

WILLARD BARTLETT, J. In this action the jury awarded the plaintiff $58.25 damages for injuries inflicted upon the plaintiff's wagon in consequence of a collision with the defendant's wagon in Prospect Park, in the borough of Brooklyn, on the afternoon of the 21st day of November, 1899. There is no dispute as to the fact of the collision. The plaintiff's team was being driven northward through the park by the plaintiff's daughter, who was accompanied by a young lady friend. The defendant's team approached from behind, going in the same direction. It was driven by a coachman, and the defendant herself was in the vehicle, accompanied by a young grandchild. Two entirely different versions of the manner in which the accident occurred are given by the witnesses for the respective parties. According to the evidence for the plaintiff, the defendant's driver lost control of his team, which ran away and rushed upon the plaintiff's wagon, so that one of the defendant's horses thrust his forefeet in the latter part of the vehicle and overturned it. According to the evidence in behalf of the defendant, her driver had his team under perfect control, and the accident was caused by the sudden turning of the plaintiff's team to the right, directly across the road in front of the horses of the defendant, so that a collision became unavoidable, no matter how much care was exercised by the defendant's driver. There was testimony to the effect that immediately after the occurrence of the accident the defendant gave her card to the young lady who was in the plaintiff's wagon, saying: "I will do what is right about this. I have only had my horses two weeks. I gave $600 for them, and I don't think my coachman understood the team." The defendant denied having made this statement in reference to the coachman, but, of course, the jury were not bound to believe her denial.

Taking all the evidence together, and applying the rule that the jury were not obliged to accept as true the entire testimony of any interested witness, but might accept such as they thought credible and reject the rest, it would seem that there was ample proof to support the verdict. The fact that the team seemed to be running away just before the accident was testified to by a gentleman who witnessed the collision from his automobile, and who appears to have had no interest whatever in the litigation. This fact, coupled with the testimony of the defendant's driver, indicating that his team was perfectly manageable if driven properly, and the statement of the defendant herself that she did not think he understood the team, would justify the inference that he negligently lost control of the horses and thus caused the collision, or that he was not competent to drive them at all, and that the defendant was aware of that fact. Either view would suffice to support a finding of negligence against her. It is quite true that the mere running away of a team of horses does not necessarily imply negligence on the part of the driver. Gottwald v. Bernheimer, 6 Daly, 212 (opinion of Joseph F. Daly, J.), and cases therein cited. The learned Municipal Court judge charged the jury properly in this respect, and as favorably as the defendant could have requested. There was no error in the exclusion or admission of evidence, and, as I have already shown, I think the proof is sufficient to sustain the verdict.

The judgment should therefore be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.