(89 App. Div. 188.)

### BRAND v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. INJURIES TO STREET CAR PASSENGER—COLLISION WITH MILK WAGON—
EVIDENCE—SUFFICIENCY.

    In an action for injuries to a street car passenger, evidence considered, and *held* to show that defendant's horse and milk wagon, left unattended in the street, had collided with the car, causing the accident.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Conrad Brand against Borden's Condensed Milk Company. From a judgment entered on dismissing the complaint at the close of plaintiff's evidence, the latter appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-
BERG, and HOOKER, JJ.

Benjamin F. Norris, for appellant.
D. Milbank, for respondent.

WILLARD BARTLETT, J.   This suit was brought by a father
to recover damages for the loss of the services of his infant daughter
on account of personal injuries sustained by her while a passenger
on one of the cars of the Brooklyn Heights Railroad Company.
Her testimony and that of two disinterested witnesses, who were
also passengers in the car, showed that some object collided with
the car, striking the second window from the rear, and breaking
the glass thereof, which fell upon the plaintiff's daughter and cut
her knee.   Immediately after the collision a horse attached to a
wagon was seen running through the street without any driver, but
pursued by a man on foot.   The horse and wagon were subse-
quently brought back to the place where the car stood, and the name
of the defendant corporation was observed to be upon the wagon.
One of the passengers in the car identified the wagon which she
saw "running away" as the same one which was brought back.   The
same witness testified that she had seen the wagon standing in the
street before the crash, but she did not observe whether there was
any person upon the wagon at that time or not.   It further ap-
peared, however, that there was no other wagon except the one thus
identified in the part of the street where the accident occurred at
the time when it happened.

In the opinion of the learned municipal court judge directing
the dismissal of the complaint, he says that no one saw the wagon
collide with the car, or saw it before the collision took place, as far
as he was able to discover from the testimony.   It is true that no
witness was called who actually saw the collision.   The occurrence
of a collision, however, may often be inferred from the circumstan-
ces of a case, even though no one can be found who observed the
colliding bodies at the moment of impact.   Here the proof strongly
indicated that there was not anything else with which the car could
possibly have come in contact, except the wagon bearing the name
of the defendant.   The learned trial judge was mistaken in saying
that no one saw the wagon before the collision took place.   Mary
Coccaro distinctly swore that she saw it before the crash took place.
He was also mistaken in saying that not the slightest testimony had
been adduced to show that the horse attached to the wagon was
unattended by a driver.   The same witness testified that there was
no man in the wagon as it went down street, but that a man was
following it.   This was some evidence, at least, from which the con-
clusion could be drawn that the horse had been left unattended in
the street; and to leave a horse thus unattended is prima facie an
act of negligence.   Pearl v. Macaulay, 6 App. Div. 70, 39 N. Y. Supp.
472.   In my opinion, the proof was ample to warrant a finding that a
horse and wagon belonging to the defendant, left unattended in the
public street, had collided with the car in which the plaintiff's daughter

was a passenger, and broken one of the windows thereof in such a manner as to inflict injury upon her.   The fact that the second window from the rear of the car was struck tended to show that the persons in charge of the ·car could not have been wholly responsible for the collision, but that it must have been due in part to the dangerous movement of the colliding wagon.

Upon the uncontradicted proof which I have reviewed, I think it was error to dismiss the complaint on the merits.   In my opinion, the judgment should be reversed.   All concur.