## BRAND v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. WITNESSES—EXAMINATION—LEADING QUESTIONS.

In an action for injuries to a person riding on a car, caused by a collision of defendant's wagon with the car, a question asked of the person injured, "Did you afterwards see what it was that had run into the car?" was not objectionable as leading.

2. ACTIONS FOR INJURIES—EVIDENCE—COMPETENCY.

In an action for injuries to a person riding on a car, caused by a collision of defendant's wagon with the car, testimony of the person injured, who did not see what struck the car at the very moment of the collision, as to what she saw directly afterwards while the horse and wagon were in such a position and so near the point of contact as to indicate that the wagon had struck the car, was competent.

Appeal from Municipal Court, Borough of Brooklyn.

Action by Conrad Brand against the Borden's Condensed Milk Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Benjamin F. Norris, for appellant.

D. Milbank, for respondent.

HIRSCHBERG, P. J.   The decision was against the evidence. No witnesses were called by the defendant to testify as to the accident, and the evidence for the plaintiff was substantially the same as on the first trial, which resulted in a dismissal of the complaint, the judgment then entered being afterwards reversed on appeal. See Brand v. Borden's Condensed Milk Co., 89 App. Div. 188, 85 N. Y. Supp. 755. Referring to the evidence then adduced on behalf of the plaintiff, Mr. Justice Bartlett said (page 190, 89 App. Div., page 756, 85 N. Y. Supp.):

"In my opinion, the proof was ample to warrant a finding that a horse and wagon belonging to the defendant, left unattended in the public street, had collided with the car in which the plaintiff's daughter was a passenger, and broken one of the windows thereof in such a manner as to inflict injury upon her."

The proof was equally ample upon the second trial. Two disinterested witnesses, who were also passengers upon the car, saw the horse running away directly after the crash, with no one in the wagon, and the driver running after; and both testified that when the driver caught the horse and brought it back they saw that the wagon bore the defendant's name. There was no other wagon in the street at the time. One of these witnesses saw the wagon just before the collision, and positively identified it as the one which was brought back.

There was also error in the exclusion of evidence on the examination of the plaintiff's daughter. She testified as follows:

"Q. Well, when the car got near Herkimer street, what happened? A. A milk wagon ran into the car, and broke the second rear window. Mr. Rowlette: I move to strike out 'a milk wagon ran into the car,' unless she saw it. The Court: Strike it out. Mr. Norris: I except. By Mr. Rowlette: Q. Did you see the milk wagon run into the car? A. I did not at the time. By Mr. Norris: Q. You said something broke the window in the car? A. Yes, sir. Q. And on which side did it run into? A. The right side. Q. You don't know what ran into the car. A. Not at that moment. * * * Did you afterwards see what it was that had run into the car? Mr. Rowlette: I object to that as to what occurred after the accident. The Court: I will sustain the objection. I think your question is objectionable in form. Mr. Rowlette: I object to the question as leading. Mr. Norris: I take an exception."

Neither objection taken to the question was valid. The question was not leading, although it may have been objectionable as calling for a conclusion, and the fact that what the witness may have observed occurred immediately after the actual contact between the wagon and the car did not render it improper or incompetent as

evidence. It is quite apparent that, although she did not see what struck the car at the very moment of the collision, she may have seen the horse and wagon directly afterwards in such a position and so near the point of contact as to indicate that the wagon had struck the car, and, if so, the fact in relation to what she then saw would have been competent testimony. Under the ruling of the court her evidence as to what she saw after the accident was limited to what she subsequently saw when looking down the street at the time the driver was running after the horse, excluding the results of her observation directly after the collision, when it is fair to assume that the relative positions and the propinquity of the vehicles would have more clearly indicated the cause of the occurrence. The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.