VERONICA GORNEY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*A municipality hiring a driver, horses and truck from the employer of such driver — it is liable for injury resulting from the driver's negligence in leaving the horses unattended in the street while reporting for duty to the city.*

In an action brought against the city of New York to recover damages sustained by the plaintiff in consequence of her premises being flooded by water flowing from a broken fire hydrant, it appeared that the city of New York hired from the firm of Hill & Hays a team of horses, truck and driver to do street cleaning work; that the driver of the truck drove up to the station of the foreman of the street cleaning department, and, leaving his horses and truck unattended in the street, went into the station to report to the foreman for work; that while he was engaged in so doing, the horses ran away and collided with a fire hydrant, breaking it and causing the injuries for which the plaintiff sought to recover. It was a part of the duty of each driver to report each morning to the foreman for directions as to the details of the work which he was to do.

*Held,* that notwithstanding that the driver was not paid by the city but by the firm of Hill & Hays, he was in the employ of the city while engaged in reporting to the foreman, and that his negligent conduct in leaving his horses unattended in the street must be regarded as having occurred within the scope of his employment by the city and that the city was responsible for such negligence.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of April, 1904, upon the verdict of a jury for $950, and also from an order entered in said clerk's office on the 21st day of April, 1904, denying the defendant's motion for a new trial made upon the minutes.

*James D. Bell* [*James T. O'Neill* and *John J. Delany* with him on the brief], for the appellant.

*Thomas Kelby* [*James W. Ridgway* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

The plaintiff has recovered a verdict for damages to her property occasioned by the negligence of a driver in the service of the depart-

Second Department, March, 1905. [Vol. 102.

ment of street cleaning of the city of New York, who allowed his horses and cart to collide with a fire hydrant, breaking it down in such a manner as to cause the water therefrom to flood the plaintiff's premises.

The evidence was sufficient to support the verdict, if the relation of the driver to the city, at the time of the accident, was such as to render the city liable for his acts.

I entertain no doubt that it was. Assuming, as was testified by the foreman of the street cleaning department in the locality, that the horses, truck and driver were hired by the city from the firm of Hill & Hays to do street cleaning work, and that the driver received his pay from the firm and not from the city, these facts would not prevent the city from being liable for the driver's negligent acts, provided they occurred in the course and within the scope of his employment. (*Higgins* v. *W. U. Tel. Co.,* 156 N. Y. 75.) Indeed, the learned assistant corporation counsel says in his brief that it may be conceded under the decision cited that "if the driver of the truck of Hill & Hays was at the time of his negligent act engaged in the actual work of the city, and was performing that work under the directions and in accordance with instructions from the foreman or other competent authority in the Department of Street Cleaning, the defendant might be liable." Its liability is denied, however, because the alleged negligence occurred *while the driver was reporting to the foreman for on duty.*

What happened was this: The driver drove up to the foreman's station, and, leaving his horses and truck unattended in the street, went into the station to report to the foreman for work, as he was required by the city to do ; just as he said to the foreman, "Here's the horses and truck from Hill & Hays," the horses ran away and broke the hydrant.

It has frequently been held to be negligence to leave horses unfastened and unattended in a public street. (*Pearl* v. *Macaulay,* 6 App. Div. 70 ; *Brand* v. *Borden's Condensed Milk Co.,* 89 id. 188.) It being a part of the duty of the driver to report to the foreman for directions as to the details of the work which he was to do, it seems to me quite clear that he was in the service of the city while engaged in so reporting himself; and that his negligent conduct in leaving his horses so that they could run away must be regarded as

having occurred within the scope of his employment. It is to be observed that he was not called upon to apply to the foreman to ascertain whether he was to be employed or not. That question had evidently been settled by the city beforehand with the firm from which it hired him. He had to report in order to find out just what he was to do on that day. This is evident from the foreman's testimony: "He just came in to report for work; they have to every morning; every driver has to report for work, *even the department drivers*; we have to send them to where ashes are to be removed." And previous statements of this same witness showed that he distinctly understood that the horses, truck and driver were in the defendant's employ at the time of the accident, as for example: "When this man brought this wagon up there he brought it for use by the city and delivered it there; he left the wagon there to report to me; he left it in charge of the city; he had to report there as to its time; he did not stay there and do any work; the horses ran away before he had the chance to go after it or bring it to me."

It was not error to refuse to charge the jury that they must render a verdict for the defendant if they found "that the driver and team and truck belonged to a third party." As has already been pointed out, all might have been hired from a third party, who paid the driver's wages, and yet the city might be liable.

The judgment and order should be affirmed.

HIRSCHBERG, P. J., WOODWARD and MILLER, JJ., concurred: HOOKER, J., not voting.

Judgment and order affirmed, with costs.