### ACKER, MERRALL & CONDIT v. STERN et al.

#### (Supreme Court, Appellate Term.   March 2, 1906.)

1. HIGHWAYS—NEGLIGENCE—UNHITCHED HORSE.

It is negligence to leave a horse standing in a street unhitched and unattended.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Highways, § 468.]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ACTS IN EMERGENCY.

One is not guilty of contributory negligence merely because when confronted with peril he does not adopt the best course to avoid danger.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 99.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Acker, Merrall & Condit against Isaac Stern and others. From a judgment for defendants, plaintiff appeals.   Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Rollins & Rollins (F. Angelo Gaynor, of counsel), for appellant.

Edgar H. Rosenstock, for respondents.

SCOTT, P. J.   I agree that this judgment should be reversed, and a new trial had.   That the defendant was guilty of negligence in leaving the horse standing unhitched and unattended is clear.   Gorney v. City of New York, 102 App. Div. 259, 92 N. Y. Supp. 451.   The hypothesis that plaintiff's horse ran into defendants' rests merely upon inference drawn from a state of facts supported by very slight evidence.   Nor can it be said, upon the evidence, that plaintiff's driver was

shown to have been guilty of contributory negligence. He was confronted with a sudden and serious peril, which necessitated quick thought and rapid action. Under such circumstances, he is not to be charged with negligence merely because at the moment he did not adopt the best course to avoid a collision. Indeed, it is by no means clear that he did not do all that any one could have done.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.