PORPEGLIA v. BEAM.

(Supreme Court, Appellate Term. March 5, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—USE AS HIGHWAY—NEGLIGENCE—PERSONS LIABLE—SUFFICIENCY OF EVIDENCE.
    The testimony of a witness that "I saw the wagon with the name 'Beam, 331 Lafayette Street,'" is insufficient to identify Walter Beam as the owner of such wagon, which injured plaintiff while being drawn by a horse running without a driver.

2. TRIAL—DISMISSAL—EVIDENCE TO IDENTIFY DEFENDANT.
    Where plaintiff sued for injuries, and failed in the evidence to connect defendant therewith, a motion to dismiss should be granted.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 332, 333.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action for personal injuries by George Porpeglia against Walter Beam; the name "Walter" being fictitious, and the real first name

being unknown to plaintiff. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.

Aaron Morris, for respondent.

PER CURIAM. Assuming that his own and his witnesses' testimony that the plaintiff and his push cart were injured by being run into by a wagon drawn by a horse running fast and without a driver makes out a case, prima facie (Pearl v. Macaulay, 6 App. Div. 70, 39 N. Y. Supp. 472), against the provable owner, the testimony of a witness, "I saw the wagon with the name 'Beam, 331 Lafayette Street,'" is insufficient to identify as owner Walter Beam, who, having been served with a summons, through counsel appeared and cross-examined the witnesses, but gave no evidence, and was not identified as having a horse or wagon, business, or place of business. Having the means to learn the facts in this respect by inquiry, perhaps by examination of the person served, or some person occupied at the address mentioned, and not presenting to the court anything to connect the person served with the alleged accident, the motion to dismiss should have been granted.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.