Francis O. Rice, Plaintiff, *v.* Henry Von der Lieth et al., Defendants.

(City Court of New York, Trial Term, July, 1919.)

Dismissal of complaint — when motion to reconsider, denied — negligence — runaway horse — evidence — Greater New York Charter, §§ 298, 315.

In an action by a New York policeman to recover for personal injuries sustained in an attempt, while on duty, to stop a runaway horse harnessed to a wagon with no one in control, the plaintiff must make out a *prima facie* case by proof either that the horse was left unattended or unguarded at the place whence it started, contrary to police regulations (Greater New York Charter, §§ 298, 315), or that defendants failed to observe the necessary precautions because of the natural propensities of the horse.

Irrespective of the police regulations proof that the natural disposition of the horse was such as to cause it to run away, taking into consideration the circumstances, would present a case for the jury. So held on the denial of a motion to reconsider the dismissal of the complaint.

Motion to reconsider the dismissal of complaint.

Ralph Gillette, for plaintiff.

Elfers & Abberley, for defendants.

La Fetra, J. This is an action by a police officer, who, in the discharge of his duties August 6, 1916,

stopped a horse running in full flight through the public streets of this city. In doing so he was thrown to the roadway and seriously injured. The animal was fully harnessed to a wagon, with no one then in control of its movements. Whether, before it started, it was unattended or unguarded, contrary to certain police regulations of this city, how far it had run and what caused it to start do not appear. It was neither alleged nor claimed the defendants had notice of any particular vice or predisposition of the animal which might have accounted for its flight. The action was not of that class where it was necessary to allege and present evidence of notice, often with less accuracy called *scienter*. The burden was nevertheless upon the plaintiff to allege and prove negligence. In this particular instance the burden upon plaintiff was to show that the animal was left unattended or unguarded at the place whence it started, contrary to the police regulations. Either evidence of a violation of the regulation or proof of failure to observe the necessary precautions considered advisable because of the natural propensities of the horse would have made out a *prima facie* case. The regulation, article VIII, section 1, adopted by the police authorities, and read in evidence (Greater N. Y. Charter, §§ 298, 315), is as follows: " A horse shall not be unbridled nor left unattended in a street or uninclosed space without being securely fastened, unless harnessed to a vehicle with wheels so secured as to prevent its being dragged faster than a walk." The mere flight, without further proof, was insufficient. *Macauley* v. *New York,* 67 N. Y. 602. Even if the natural disposition of the horse had been shown to be such as to cause it, taking into consideration the surrounding circumstances, to take flight and thus run away, irrespective of the regulation, a case would have been presented for the

jury's consideration. *Dickson* v. *McCoy*, 39 N. Y. 400. Except as thus modified, plaintiff must plead and prove the flight was either because of the vicious propensities of the animal, of which the defendant had notice, or that the running away would not have occurred but for the defendant's negligence in its use or management. The regulation recognizes the tendency of horses to take flight because of the unusual noises so frequently occurring in our city streets, and prohibits leaving them without taking the proper precautions pointed out, and that irrespective of their age, disposition, gentleness or training. If mere proof of flight be sufficient, defendant would be compelled to counteract a presumption, at times impossible, because of the unavoidable character of many such accidents. The plaintiff would then be relieved of a common-law burden and the defendant forced to assume one not theretofore recognized. In *Unger* v. *Forty-second St. & Grand St. F. R. Co.,* 51 N. Y. 497, there was a mere scintilla of evidence to the effect that the horses were unattended and unfastened to the car when they started and ran away. The defendants proved precisely how the horses became detached, that they were then under the control of the driver, and the cause of their running away. As there was nothing to cast suspicion upon the truthfulness of the testimony of the defendant's witnesses, the court took their evidence as true. A verdict in favor of plaintiff was promptly set aside at Trial Term and affirmed in an opinion by Judge Earl. He said: "It thus appears that the horses got loose and ran away without any fault whatever of the driver, and I can perceive no principle upon which the defendant can be held liable. A person driving horses through a street is not bound absolutely to keep them under control. He is bound to exercise that reasonable degree of

diligence and care which a man of ordinary prudence and capacity might be expected to exercise under the same circumstances." The cases cited by plaintiff are readily distinguishable from the one at bar. As for instance, in some the question was submitted to the jury without objection, while in others the court merely used expressions or followed decisions based upon dicta. 3 C. J. 87; 2 S. & R. Neg. 634, 644; *Gottwald* v. *Bernheimer,* 6 Daly, 212; *McGahie* v. *McClennen,* 86 App. Div. 263; *Gray* v. *Tompkins,* 40 N. Y. St. Repr. 546; *Doherty* v. *Sweetser,* 82 Hun, 556; *Norris* v. *Kohler,* 41 N. Y. 42; *Kelly* v. *Adelmann,* 72 App. Div. 590; *Manthey* v. *Rauenbuehler,* 71 id. 173; *Holloran* v. *City of New York,* 168 id. 469; *Howley* v. *Kraemer,* 36 Misc. Rep. 190; *Davis* v. *Kallfelz,* 22 id. 602; *Pearl* v. *Macaulay,* 6 App. Div. 70; *Brand* v. *Borden's Condensed Milk Co.,* 89 id. 188; *Unger* v. *Forty-second St. & Grand St. F. R. Co.,* 51 N. Y. 497; *Knupfle* v. *Knickerbocker Ice Co.,* 84 id. 488; *Furlong* v. *Winne & McKain Co.,* 166 App. Div. 882; *Hackett* v. *Lenox Sand & G. Co.,* 187 id. 211; *Farber* v. *Roginsky,* 123 id. 38; *Amberg* v. *Kinley,* 214 N. Y. 531; *Stapleton* v. *Butensky,* 188 App. Div. 237. The motion to reconsider the direction dismissing the complaint is denied.

Motion denied.