RANSOM REICHEL, Appellant, *v.* JOHN KISKIS, Respondent.

County Court, Montgomery County, December 19, 1924.

Negligence — action to recover damages for injuries to plaintiff's automobile — defendant's team, in charge of his thirteen-year-old son, ran away and collided with automobile — defendant left team in street while he went into store — finding in favor of defendant sustained by evidence.

In an action to recover damages for injuries to the plaintiff's automobile in which it appeared that the defendant left his team in the street in the charge of his thirteen-year-old son, while he went into a store to transact business, and that the team ran away and collided with plaintiff's automobile, a judgment in favor of the defendant should be affirmed, since it appears that the team was not left in the street untied and unguarded; that the horses had a quiet disposition and never ran away before and that the defendant's son was competent to attend the team.

APPEAL by plaintiff from a judgment dismissing his complaint, rendered in City Court after the submission of the entire case.

*William P. Hover*, for the appellant.

*Carl S. Salmon*, for the respondent.

HARDIES, J.:

The trial was held before the court without a jury. Plaintiff alleges that the defendant left his team of horses hitched to a wagon standing on a public highway in front of a grocery store, unguarded and untied; that they became frightened and ran westerly on the street in the direction of plaintiff's automobile, which was parked along the curb facing easterly on the southerly side of the street, and that the defendant was negligent in leaving the horses standing untied and unattended and that by reason of such negligence they ran away and into his automobile and damaged it. Plaintiff's evidence showed that the team was left standing untied in front of the store and that they ran into his automobile and damaged it. It has been repeatedly held that leaving a horse unattended and unguarded in a street is *prima facie* an act of negligence. (*Norris* v. *Kohler*, 41 N. Y. 42; *Brand* v. *Borden's Condensed Milk Co.*, 89 App. Div. 188; *Manthey* v. *Rauenbuehler*, 71 id. 173.)

Defendant showed that he did not leave the horses unattended and unguarded. He testified that the horses never ran away before; that they were good horses; that he went to the grocery store to deliver two bushels of potatoes; that he had his son, a boy of thirteen, with him and left him sitting in the wagon in charge of the horses and that he had the lines in his hands; that the door of the store was open. His son testified that he had gone to the city with his father a great many times, at least once a week and sometimes more; that he had driven the horses and taken care of them and attended them when his father was in various places; that he had never had any trouble holding the horses, and that they had never run away. He further testified that when his father went in the store he had hold of the reins all the time; that he does not know what started the horses to run; that boys were whistling; that when they started running one line slipped from his hand and he tried to stop them with the other but could not, and that they ran against the automobile of the plaintiff and fell down. Other witnesses testified they saw the boy in the wagon.

Plaintiff argues that the defendant did not overcome his *prima facie* case. He contends that the thirteen-year-old boy was not competent to attend the horses. The question whether the act of the defendant in leaving the horses with this boy was negligence was one of fact for the court to determine. By its decision it found that the boy was a proper person with whom to leave the horses and that the defendant did not leave the horses unattended. The court held defendant's explanation sufficient to show he had done all that reasonably could have been expected of him, and decided against the plaintiff, both upon the question of whether the horses were attended at all before they started to run, and, also, as to whether they were adequately attended.

The judgment should be affirmed, with costs to the defendant, respondent.

Judgment directed accordingly.