■ SAMUEL FIGUEROA, Respondent, v FELICE TORNABENE et al., Appellants, and METROPOLITAN LUMBER, HARDWARE AND BUILDING SUPPLIES, INC., et al., Respondents, et al., Defendants. [902 NYS2d 637]—

In an action to recover damages for personal injuries, the defendants Felice Tornabene and Salvatore Tornabene appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated December 23, 2008, as denied their motion for summary judgment dismissing the

complaint and all cross claims insofar as asserted against them, and granted that branch of the plaintiff's cross motion which was for summary judgment against them on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendants Felice Tornabene and Salvatore Tornabene for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and that branch of the plaintiff's cross motion which was for summary judgment against those defendants on the issue of liability is denied.

On May 5, 2006, the plaintiff was operating a motor vehicle at the intersection of 45th Street and 11th Avenue in Manhattan, when his vehicle was struck and overturned by a horse pulling a hansom cab owned by the defendant Felice Tornabene and operated by the defendant Salvatore Tornabene (hereinafter together the defendants). At the time of the accident, the hansom cab was being pulled by a horse named "Buddy Boy." At his deposition, Salvatore Tornabene (hereinafter Tornabene) testified that, as he was driving the hansom cab on 45th Street towards Buddy Boy's stable, Buddy Boy became frightened and began to trot after a nearby truck made a "very loud grinding noise." Tornabene was unable to regain control of Buddy Boy before he ran into the intersection and struck the plaintiff's vehicle.

The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff cross-moved, among other things, for summary judgment on the issue of liability against the defendants. In the order appealed from, the Supreme Court, inter alia, denied the defendants' motion and granted the aforementioned branch of the plaintiff's cross motion. We reverse the order insofar as appealed from.

"There is no rule of law, which compels a person driving horses upon a highway absolutely to keep them under control. He [or she] is bound only to exercise that reasonable degree of diligence and care, which a man [or woman] of ordinary prudence might be expected to exercise under the same circumstances" (*Cadwell v Arnheim*, 152 NY 182, 189 [1897]; *see Conway v Rheims*, 107 App Div 289, 292 [1905]). "[T]he mere running away of . . . horses does not necessarily imply negligence on the part of the driver" (*McGahie v McClennen*, 86 App Div 263, 265 [1903]). "Incompetency, due to the want of experience, or to other causes affecting the personality of the

driver; or recklessness in driving, whether in maintaining an improper rate of speed, or in failure to exercise proper skill and vigilance; or the use of horses known to be vicious and unreliable in harness; these and, possibly, other conditions should ordinarily exist in order to predicate negligence of one driving upon the public way" (*Cadwell v Arnheim*, 152 NY at 189).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by tendering Tornabene's deposition testimony, which demonstrated that he did not operate the hansom cab negligently at the time of the accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Tornabene testified that he had been a hansom cab operator in New York City for 23 years and, prior to the subject accident, had never come into contact with a motor vehicle or a pedestrian while operating a hansom cab. Additionally, he testified that he had used Buddy Boy since November 2005 and that, prior to the accident, Buddy Boy had never reacted to loud noises or come into contact with a motor vehicle or a pedestrian in New York City, and Tornabene had never lost control of Buddy Boy as he pulled the hansom cab. Tornabene testified that, just before the accident, he was driving the hansom cab at a "nice and easy" walking pace. When Buddy Boy began to trot after a nearby truck made a loud noise, Tornabene tried to slow him down by yelling "Ho," pulling hard on the reins, and steering the hansom cab onto the sidewalk, after ensuring that no pedestrians were present, so as to avoid cars on the street. Finally, Tornabene testified that 10 seconds elapsed between the moment when Buddy Boy became frightened and when he struck the plaintiff's car.

The foregoing testimony established that, notwithstanding Tornabene's temporary loss of control over Buddy Boy, Tornabene did not operate the hansom cab negligently at the time of the accident (*see Cadwell v Arnheim*, 152 NY at 189; *cf. Conway v Rheims*, 107 App Div at 292; *McGahie v McClennen*, 86 App Div at 265). The plaintiff's submissions failed to raise a triable issue of fact in opposition to the defendants' motion and, for the same reason, failed to establish, prima facie, his entitlement to judgment as a matter of law on the issue of the defendants' liability (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment and denied that branch of the plaintiff's cross motion which was for summary judgment against the defendants on the issue of liability. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.