JOHN O'BRIEN vs. FRANK MILLER AND ANOTHER.

New Haven and Fairfield Cos., Jan. T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

A team of the defendant's which was running away and could not be controlled by the driver, ran over and injured the plaintiff. In a suit brought for the injury it was held that the mere fact that the team was running away did not, as matter of law, raise a presumption of negligence on the part of the driver.

And the plaintiff held to have been properly nonsuited in the court below, when he offered no evidence but this of the defendants' negligence.

In such a case the fact that the team was running away comes in with all

the other facts for the consideration of the jury in determining whether in fact there was negligence.

[Argued January 21st—decided March 20th, 1891.]

ACTION for damages for an injury from the negligence of the defendants; brought to the Superior Court in New Haven County, and tried to the jury before *Sanford, J.* The plaintiff was nonsuited by the court, and a motion made to set aside the nonsuit being denied, the plaintiff appealed to this court. The case is fully stated in the opinion.

*E. F. Cole*, for the appellant.

*D. Davenport*, for the appellee.

ANDREWS, C. J. The plaintiff brought an action in the Superior Court for New Haven County against the defendants, demanding damages for being run over and injured by a horse belonging to the defendants.

The complaint alleged that the defendants' servant, while engaged in their business, negligently, carelessly and unskillfully drove a team belonging to them against and over the plaintiff, knocked him down, cut open his scalp, broke his right knee, and otherwise seriously injured him. The defendants in their answer admitted that a horse of theirs, while being driven by their servant in their business, collided with the person of the plaintiff; but they denied that such fact was caused by the fault, negligence or misconduct of themselves or their servant. The issue was closed to the jury. At the close of the plaintiff's evidence, when he had rested, the defendants moved for a nonsuit, which the court granted. The court having refused to set aside the nonsuit on motion of the plaintiff, he brings the case here by appeal.

The evidence offered by the plaintiff tended to show that he was an employee of the Naugatuck Railroad Company, and that on the day he was injured he was engaged in cleaning the Bank street crossing of that railroad in the city of Waterbury; that while so engaged a horse of the

defendants hitched to an empty coal cart dashed upon the crossing just in front of a locomotive engine which stood there blowing off steam, ran over the plaintiff, pitched him forward several yards to the ground, turned, ran again over the plaintiff and up the track, and could not be stopped till he had reached the defendants' stables; that the horse was frequently uncontrollable and unmanageable, and afraid of a locomotive, and that the plaintiff had been obliged to keep out of his way on other occasions; that at the time the horse struck the plaintiff he was running away, and was entirely beyond the control of the driver, who was at that time exerting his utmost skill to prevent the horse doing any injury to the plaintiff, and that the plaintiff did not see the horse until the instant he was hit, just as the horse was rearing up over him. No evidence of the cause that led up to the injury was offered.

In cases tried to the jury the rule is, that if there is substantial evidence produced by the plaintiff in support of his cause which should be weighed and considered by the jury, a nonsuit should not be granted. The plaintiff's right to recover in this action depended upon his proving negligence on the part of the defendants, either their own or of their servant. Without some proof of this he was properly nonsuited. The plaintiff's counsel does not deny this proposition. He argues, however, and upon this his whole claim rests, that the fact that the defendants' horse was running away was, without explanation, evidence from which the jury might find such negligence. If by this argument it is intended to claim that as a matter of law there is any evidence of negligence in the fact of a runaway horse, it is clearly wrong. *Button* v. *Frink*, 51 Conn., 342, was a case where the plaintiff claimed damages for injuries done to him by the defendant's horse while running away. The court said, (p. 349:—) "If a horse is running away with his driver, there is nothing in that fact itself which tends to show negligence in the driver, or which tends to show how the horse became unmanageable, any more than a house on fire tends to show the origin of the fire, whether accidental or other·

wise; and it would seem that it could be as well inferred in such a case that the party residing in the house was guilty of negligence in causing its destruction, in the absence of explanatory evidence showing the contrary, as it can be inferred from the mere fact that if a horse is running away that the driver is guilty of negligence in causing his running, in the absence of proof to the contrary. If such a doctrine should be established as the law, it is not easy to see to what extent it might be carried."

If however it is claimed only that the fact of the horse running away affords a presumption of fact that there was negligence on the part of the defendants, then of course it must be taken in connection with the other facts. There is the fact that the horse had previously been frightened when near the cars and had become unmanageable. This fact is not of itself evidence of negligence, although it might call for increased care on the part of the driver. And then there is the fact proved that at the time of the collision the driver was exercising the highest care to prevent injury. This, so far from showing negligence, is positive evidence the other way. No other fact is found in the evidence.

We think the nonsuit was properly granted, and that there is no error.

In this opinion the other judges concurred.