### GRAY v. TOMPKINS.

*(City Court of New York, General Term.   October 22, 1891.)*

NEGLIGENCE—RUNAWAY HORSES.

    A plaintiff, damaged by a team of horses running away on the street, cannot recover unless he affirmatively shows the negligence of the defendant. There is no presumption of defendant's negligence from the fact that the accident was occasioned by such running away.

*(Syllabus by the Court.)*

Appeal from trial term.

Action by William Gray against Calvin Tompkins. There was a judgment of nonsuit, and plaintiff appeals.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*William J. Lardner,* for appellant.   *Warner & Frayer,* for respondent.

VAN WYCK, J.   This action is brought to recover damages for injuries sustained by defendant and his horse by reason of a runaway team of horses drawing a double truck coming into collision with plaintiff's horse and truck. The substance of the evidence adduced on behalf of plaintiff was that he was leisurely driving up South street, when suddenly this team of infuriated horses dashed up the dock on pier 11, with a young man holding on to the

butt end of the tongue of the truck, and in imminent danger of having his brains kicked out by the plunging and uncontrollable horses; that in their onward course they dashed across South street and came into violent collision with plaintiff's rig, thereby slightly injuring him, and so seriously injuring his horse as to justify the society for the prevention of cruelty to animals in causing him to be killed. The plaintiff then rested, and defendant moved for a nonsuit, on the grounds that plaintiff had failed to prove any negligence on the part of defendant or his servant, and that plaintiff had not proven that he was free from negligence himself. The plaintiff failed to make out a *prima facie* case of negligence against the owner of this team of horses. Proof of the accident by which the damage was caused did not raise a presumption of negligence against the owner of the horses, the running away of which caused the accident. Plaintiff's proof disclosed merely the cause of the collision, but not the cause of the horses running away. It was incumbent on him to present the condition of affairs as they existed at or just before the time that the horses first became frightened and started on their flight. This should have been done in order to enable the jury to determine whether the owner had been negligent or not.. The position of the young man, assuming him to be the driver, hanging on to the butt end of the tongue of the truck, indicated either that he had not been in his seat when the horses started, or that, if then in his seat, he had been thrown from it to his perilous position by the violence with which the horses plunged and ran. The horses might have been carefully secured to a hitching post, and the driver near by attending to the loading or unloading of his freight, or he may have been safely in his seat, making ready to start, and in either case the fright and fury of the horses might have been occasioned by some mischievous boy exploding a fire-cracker under their very noses; and, under such conditions, who could say that the driver had been negligent, or that his conduct had in any way contributed to the damage sustained by plaintiff by reason of the collision and accident? So illustration after illustration might be given as to how the horses might be frightened into running away, without imputing any negligence to the owner or his servant. The plaintiff's proof only shows that he has been damaged by reason of an accident occasioned by defendant's running away horses colliding with plaintiff's rig. This is not enough; he must show affirmatively that the defendant's negligence contributed to the accident. In the case of *Gottwald* v. *Bernheimer*, 6 Daly, 212, Chief Justice JOSEPH F. DALY, writing at general term of the court of common pleas, (our appellate authority,) said: "No negligence had been proved. The mere fact that horses attached to a wagon of defendants ran away and injured plaintiff's horse proves no wrongful act of defendants. The horse may have run away of his own accord, in which case the owner is not answerable. Affirmative proof must be given that defendant neglected some precaution or care, and the running away occurred from that circumstance." And in *Button* v. *Frink*, 51 Conn. 342, it was held that, where a plaintiff was injured by the running away of defendant's horse on a highway, he could not recover unless he proved affirmatively defendant's negligence. The nonsuit was properly granted, and the judgment is affirmed, with costs.