## LUECKE, Respondent, v. GRAHAM, Appellant.

### St. Louis Court of Appeals, February 19, 1907.

NEGLIGENCE: Runaway Horse: Prima Facie Case. In an action for damages to plaintiff's horse and wagon caused by a collision with the carriage of defendant the evidence showed that the horse attached to the defendant's carriage became frightened on account of the accidental breaking down of a shaft, so that the driver of defendant's carriage lost control of him and he dashed against the vehicle of the plaintiff, causing the damage before the driver could recover control, though he was endeavoring to control the horse all the time. *Held*, the evidence failed to sustain the allegation of negligent driving on the part of defendant's driver.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster*, Judge.

REVERSED.

*George B. Brownlee* for appellant.

*Carl Otto* for respondent.

GOODE, J.—This action was brought to recover for the damage done to a horse, wagon and harness, the property of plaintiff, by a collision with a horse and vehicle belonging to defendant. The judgment was for plaintiff. The accident happened on McPherson avenue, near Lake avenue, in the city of St. Louis, in January, 1905. Double street car tracks are laid in McPherson avenue, and at the time of the collision both plaintiff's and defendant's horse and vehicle were proceeding westwardly along the north track. Each rig was in charge of a driver. Plaintiff's was a light wagon used to deliver groceries about the city, and defendant's a one-horse carriage in which her children were being driven to school. The two vehicles were proceeding along the rails of the

north track for the reason that a deep ditch had been dug between said rails and the north curbing to receive a gas main. Many street cars were running on the tracks that morning and to avoid one of them defendant's driver had to make a slight detour. While he was doing this the coupling of the left shaft became loose, letting the shaft down on that side and frightening the horse so that he began to plunge. The driver lost control of him for a few moments, though trying to control him all the time. The horse finally plunged into the rear of plaintiff's vehicle just as defendant's driver was attempting to divert him to the left so as to prevent a collision. It seems the cause of the shaft letting down at the left side was the breaking of a steel bolt which held it in place. The carriage had been overhauled at the shop about three months before and turned out as in sound condition. It was in proof that it is impossible to tell when such bolts will break, and that they are particularly liable to break on a cold day. The charge of negligence in the complaint is that the servant of defendant in charge of her carriage "carelessly and recklessly ran into, over and upon plaintiff's horse, wagon and harness." This allegation was unsustained by the testimony unless the bare fact of the collision would authorize the inference that defendant's driver was careless; but it will not, for the reason that horses often become frightened and uncontrollable without fault on the part of any one. The doctrine of *res ipsa loquitur* is inapplicable. For aught that appears, the driver did everything he could to regain control of the horse and was not to blame for its becoming uncontrollable. The case is one of pure accident. Some stress is laid on the fact that defendant's driver did not shout a warning to plaintiff's driver to get out of the way. Suffice to say as to this point that the allegation of negligence is not failure to warn, but careless driving. It is palpable to our minds that no case was made. We have been cited to many de-

cisions based on facts so similar as to make the cases precedents for the decision of this one. They are particularly apposite to the point that it devolves on the party alleging negligence as the cause of such an accident to furnish proof of the averment and that proof is not made, even prima facie, by showing no more than that a horse runs away while being driven. [Garlick v. Dorsey, 48 Ala. 200; Button v. Frink, 51 Conn. 342; O'Brien v. Miller, 60 Conn. 214; Robinson v. Simpson, 32 Atl. (Del.) 287; Shawhan v. Clarke, 24 La. Ann. 390; Cunningham v. Belknap, 22 Ky. L. R. 1580; Bigelow v. Reed, 51 Maine 325; Creamer v. McIlvain, 45 L. R. A. (Md.) 531; Gray v. Thompkins, 15 N. Y. Supp. 953; Cotton v. Wood, 8 C. B. (n. s.) 566; Mofatt v. Bateman, L. R. 3 P. C. 115.]

The judgment is reversed.