REARDON v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. December 22, 1911.)

MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—RUNAWAY HORSES—EVIDENCE.

In an action for the death of a horse, caused by a horse of defendant running away and striking that of plaintiff, evidence *held* insufficient to support a finding of negligence on the part of the defendant, based on the acts of the driver while loading the cart to which it was hitched.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Johanna Reardon against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Archibald R. Watson (Theodore Connoly and Loyal Leale, of counsel), for appellant.

Max Sheinart, for respondent.

GIEGERICH, J. The action is brought to recover the value of a horse belonging to the plaintiff, which was killed in a collision with a horse belonging to the defendant, and which at the time of the collision was running away. The question in the case is whether the evidence showed negligence on the part of the defendant.

The horse which caused the injury was attached to an ash cart at the time. Before the accident, the horse and cart had been backed up against a dock along the water front of the East River. The driver had blocked both the wheels with what he described as tug fenders, and had then gone back of the cart, standing close to it, in order to shovel ashes from an ash pan into the cart. While he was thus engaged, a passing tugboat blew its whistle, and the horse dashed away at such speed that the driver was unable to overtake or check it, and collided with the plaintiff's horse, driving a shaft into its side and killing it.

The defendant proved by uncontradicted testimony that it had owned the horse for about six months prior to the accident, and that, before accepting the horse it had been taken on trial in the manner customary with the defendant, and placed in charge of two men, one to do the necessary work about the cart, and one to stay with the horse until he was thoroughly broken to his work. Various employés of the defendant, who had driven the horse, both when attached to a sprinkling wagon, and when attached to an ash cart, testified that the horse never showed any disposition to run away, but, on the contrary, was slow and lazy. These drivers also testified that the horse had been driven under the elevated railroad tracks, and had been used about the water front, where tugboats were whistling, and had never manifested fear or nervousness. Such being the facts, I do not think the court below was warranted in finding negligence on the part of the defendant.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.