### BUTTER v. NATANSON.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

MUNICIPAL CORPORATIONS (§ 706*) — INJURIES TO PERSONS ON STREETS — ACTIONS FOR COLLISION—NEGLIGENCE.

Mere proof that a livery horse hired by defendant ran away upon the unexpected breaking of the harness, which appeared in good order when the horse left the stable, will not show negligence, rendering defendant liable for damages for injuries caused by the runaway.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Butter against Robert Natanson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Jacquin Frank, of New York City, for appellant.
Samuel Dickstein, of New York City, for respondent.

PAGE, J. The plaintiff was driving a two-horse van over the bridge from Brooklyn to New York, when a small one-horse delivery wagon driven by the defendant's servant collided with the plaintiff's van from the rear, doing slight injury to the van and throwing the plaintiff to the ground, for which injuries the court awarded $50 dam-

---

ages to the plaintiff, and judgment was entered against the defendant for the said amount.

The only evidence on behalf of the plaintiff was the testimony of himself and one Tannenbaum, who was with him on the van at the time of the accident, to the effect that the defendant's horse and wagon came rapidly from the rear and collided with the van. No evidence of the cause of the accident was adduced by him. The defendant showed in defense that he hired the horse and wagon from a livery stable, and his servant was driving it over the bridge, loaded with packages for delivery. The defendant's servant testified that the horse started to run, and he tried to pull him in, and discovered that one of the chains that attached the breaching to the shaft was torn off. The traces then "unhitched from the hooks," and, being unable to stop the horse, he took him in to the part of the bridge where the automobiles were, so that he would not catch up to the wagons ahead. The policeman in charge then closed the runaway gate and all the wagons stopped. The plaintiff's wagon was the rear wagon, and was thus necessarily the one run into. The plaintiff called the son of the livery stable owner, who rented the horse and wagon to the defendant. He testified that it was a new wagon and harness, and everything was in good order.

I am unable to find in the record any evidence of negligence upon the part of the defendant or his servant. The mere fact that his horse ran away is not sufficient, in the absence of proof that he was negligently handled or harnessed, to charge the defendant with liability. Gray v. Tompkins (City Ct. N. Y.) 15 N. Y. Supp. 953; Unger v. Forty-Second St. Ry. Co., 51 N. Y. 497; Reardon v. City of New York, 132 N. Y. Supp. 332; Benoit v. Troy & L. R. R. Co., 154 N. Y. 223, 48 N. E. 524. It was not the defendant's horse, but a hired horse, for which reason the defendant was not presumed to be aware of any tendency toward running away. The plaintiff's witness proved that the harness was apparently all right when the outfit was hired that morning. The cause of the running away was shown to be an unforeseen breaking of the harness, and it does not appear that the horse was handled unskillfully.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.