## ROSENBLUM v. McCOLLUM et al.

(Supreme Court, Appellate Division, Second Department, June 7, 1912.)

MUNICIPAL CORPORATIONS (§ 705*)—COLLISION WITH STREET CAR—NEGLI-
GENCE.

Where a passenger on a street car, which was proceeding along a
street sloping from the curb down to the car track, was injured by the
slipping of a truck, the rear wheels of which struck the car as it was
going past the truck, those facts alone do not show that the driver of
the truck was negligent; the truck driver having a right to use the
street for passing and repassing.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 1515–1517; Dec. Dig. § 705.*]

Appeal from Trial Term, Kings County.

Action by Pauline Rosenblum, an infant, by Rebecca Rosenblum, her
guardian at litem, against Alexander J. McCollum and others. From
a judgment for plaintiff against the named defendant, and an order
denying his motion for a new trial, defendant appeals. Reversed and
remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
WOODWARD, and RICH, JJ.

Thomas G. Flaherty, of New York City, for appellant.

Leon N. Futter, of Brooklyn, N. Y., for respondent.

HIRSCHBERG, J. The action is for negligence. The plaintiff
sued the Brooklyn Heights Railroad Company and the City of New
York, as well as the appellant, for injuries sustained by her, but the
case was dismissed as to the city and the railroad company upon the
trial. It was submitted to the jury solely as against the appellant, and
resulted in a verdict for a small amount.

At the time of the accident the plaintiff was a passenger on a trolley
car of the railroad company proceeding easterly on Flushing avenue
in the borough of Brooklyn. The appellant was the owner of a heav-
ily loaded coal truck, which was being driven in the same direction
on the right or southerly side of the railroad track between the track
and the curb. The truck had three horses, and was being driven close
to the curbstone, so that the space intervening the truck and the car
was from 18 to 24 inches; but the street sloped towards the car track,
and the accident was probably occasioned by the rear of the truck
slipping or skidding towards the car. The city was made a party
defendant on the theory that it was responsible for the condition of
the street, and the railroad company, of course, on the theory that the
motorman was to blame in endeavoring to pass the truck, as he was
doing at the time of the accident.

The only question presented for consideration on the appeal is
whether or not there was any negligence, attributable to the driver
under the proof, which warranted a submission of the controversy to
the jury. The accident occurred, as I have said, while the motorman
of the car was attempting to pass the truck. The plaintiff, a young

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

girl, was sitting on the right-hand side of the car towards the rear. The car had ten windows on that side, and the first six passed the truck untouched, the seventh, eight, and ninth were broken, and the tenth was uninjured.  A bill of particulars was furnished by the plaintiff, alleging as to the appellant:

"That the acts of negligence of the said defendant Alexander J. McCollum, his servants, agents, or employés, consisted in that the said defendant Alexander J. McCollum, his servants, agents, or employés, drove and operated a wagon in such a reckless and careless manner, in that they disregarded the width of the space existing between the car and the curbing of the said street, and that, although said driver of said wagon had allowed part of said car to pass him, still he recklessly and in a careless manner attempted to turn out while close to the car, so that the rear of said wagon skidded and struck said car."

There was no proof of any carelessness or negligence on the part of the driver, unless such negligence is to be inferred from the fact that the rear of the truck did slip or skid towards the car.  Whether it was caused by the motion of the car in attempting to pass the truck or by the condition of the street does not appear.  There was no proof tending to show that the driver attempted to turn out, which it is plain he could not do unless he drove his horses onto the sidewalk, or that there was anything in the mode of driving which caused the accident.  The learned court, in charging the jury, stated to them that:

"The sole question is whether you are able to put your finger upon some act of negligence on the part of this defendant. * * * In determining whether McCollum is liable or not, you have to consider only one proposition, and that is whether, a little before and at the time of this accident, the driver acted as any ordinarily careful and prudent driver would have acted, under the same or substantially similar circumstances. You will have to picture the scene of the accident, the location of the accident, team and car going in the same direction, the space between the team and car, and what occurred there, and then ask yourselves whether the driver of the truck did something which an ordinarily careful and prudent driver would not have done under those circumstances, or whether he omitted to do something which an ordinarily careful and prudent driver would have done."

It must be assumed from the verdict that the jury did put their finger on some act of negligence on the part of the driver; that is to say, that they concluded that the driver had done something, or omitted to do something, which indicated a want of ordinary care or prudence.  It is impossible to conjecture what it could have been.  He had a right to drive upon the street.  It has been held by the learned trial court that the motorman was entirely blameless in trying to pass him. There was no reason why he (the driver) should have assumed, any more than the motorman, that it would be dangerous for the car to pass him.  He could not prevent the car from trying to pass him, and the verdict necessarily rests on mere conjecture.

The learned counsel for the respondent does not discuss or present the question of res ipsa loquitur, and the only case presented on his brief as justifying the submission of the question of negligence to the jury is Brand v. Borden's Condensed Milk Co., 89 App. Div. 188, 85 N. Y. Supp. 755, in which the facts were essentially different from those in the case at bar.  In that case it was established that the defendant had left a horse and wagon *unattended* in a public street.

The horse ran away, and brought the wagon in contact with the street car. The only resemblance between the cases is in the fact that the collision occurred at one of the rear windows of the car; but the act of negligence in leaving the horse unattended in the street was clear and tangible, and sufficiently supported the judgment appealed from.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.