ROSENBLUM v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   November 1, 1912.)

1. NEGLIGENCE (§ 121*)—"RES IPSA LOQUITUR DOCTRINE."
    The "res ipsa loquitur doctrine" applies only where the circumstances speak for themselves, and, unexplained, point to negligence.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*
    For other definitions, see Words and Phrases, vol. 7, pp. 6136–6139; vol. 8, p. 7787.]

2. CARRIERS (§ 300*)—INJURIES—NEGLIGENCE.
    Where there was a clearance of from 18 inches to 2 feet between a coal truck, which was driving in the same direction with defendant's street car when they collided, injuring a passenger, and 6 of the 10 windows had passed the truck when they collided, apparently by the rear wheels of the truck slipping against the car, it could not be said that the street car company was guilty of negligence, causing the collision.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1211, 1212; Dec. Dig. § 300.*]

Appeal from Trial Term, Kings County.

Action by Pauline Rosenblum, an infant, by Rebecca Rosenblum, her guardian ad litem, against the Brooklyn Heights Railroad Company and others.   From a judgment dismissing the complaint against the first-named defendant, plaintiff appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Leon N. Futter, of Brooklyn, for appellant.
D. A. Marsh, of Brooklyn, for respondent.

WOODWARD, J.   This action, for personal injuries, was originally brought against the Brooklyn Heights Railroad Company, A. J. McCollum, and the city of New York.   Upon the trial the complaint was first dismissed as against the city of New York, and subsequently against the Brooklyn Heights Railroad Company, going to the jury upon the cause of action alleged against A. J. McCollum.   A verdict against the last-named defendant has been reversed, and the plaintiff now appeals from the judgment dismissing the complaint as against the railroad company.

The facts, briefly stated, on which the plaintiff claims the right to go to the jury, are as follows: The plaintiff, a girl 19 years of age, was a passenger on one of the defendant's trolley cars.   The defendant McCollum owned a large coal truck, which was being driven along Flushing avenue in the borough of Brooklyn.   The driver testifies that he was driving as near to the curb as possible, and the evidence is undisputed that there was a clearance of from 18 inches to 2 feet between the coal truck and the overhang of the defendant's trolley car.   The coal truck and the trolley car were traveling in the same direction, and the defendant's motorman drove his car past the rear end of the coal truck, and had passed the truck with 6 of the 10 windows of the car, when the truck in some unexplained manner

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

came into collision with the car near the seventh, eighth, and ninth windows, breaking the glass in these, and the car was stopped in time to save the tenth window. The plaintiff sustained her injuries through the falling of the glass.

There is some evidence that there was a slope from the curb toward the trolley car tracks; but this does not appear to have been such as to attract any attention, though it is assumed that the rear wheels of the truck slipped, and thus came into collision with the car as above described. But where is the evidence of negligence on the part of the defendant the Brooklyn Heights Railroad Company?

[1, 2] The rule of "res ipsa loquitur" applies only where the facts and circumstances speak for themselves, and, unexplained, point to negligence. Here the plaintiff's own evidence shows the facts—makes the explanation—and the explanation does not establish negligence on the part of the defendant. To hold that a clearance of not less than 18 inches was not sufficient for the passage of a trolley car in the streets of the great city of New York and its principal boroughs would be to practically stop all traffic, and the law is not thus impracticable. This case is well within the rule of Freeland v. Brooklyn Heights Railroad Co., 109 App. Div. 651, 96 N. Y. Supp. 251, and the judgment ought not to be disturbed.

The judgment appealed from should be affirmed, with costs. All concur.