Finch, J.
This action was brought to recover damages for personal injuries received by the plaintiff, a policeman, in attempting to stop a runaway horse owned by the defendants. The plaintiff showed that the horse hitched to a wagon, unattended, was in full flight on a public thoroughfare; that the plaintiff received injuries in attempting to stop the horse, and also introduced provisions of the traffic regulations to the effect that a horse should not be left unattended without being securely fastened, or unless the wheels *419 of the vehicle to which the horse was attached were properly secured. The plaintiff then rested, and the complaint was dismissed upon the ground that the plaintiff had failed to show any negligence on the part of the defendants which resulted in the accident, and that no negligence could he presumed from the facts shown. In this the learned court was in error. The facts as shown, unexplained, make out a prima facie case of negligence. Hackett v. Lenox Sand & Gravel Co., 187 App. Div. 211; Furlong v. Winne & McKain Co., 166 id. 882; Lane v. Lamke, 53 id. 395. In the case of Gottwald v. Bernheimer, 6 Daly, 212, relied upon by the respondents, it appears that after the motion to dismiss at the close of the plaintiff’s case was denied, the defendant proceeded to show that he had securely tied the horse with a strap before leaving, and that the horse thereafter broke the strap. The court held that the explanation was sufficient to show that the defendant had done all that reasonably could have been expected of him.
The burden of proof of negligence never shifts from the plaintiff, yet when certain facts have been shown by the plaintiff it becomes the duty of the defendant to go forward with an explanation, and had the defendant satisfactorily explained how or why the horse was left unattended on a public thoroughfare, it would then have been incumbent on the plaintiff to show that in spite of such explanation the defendant still was negligent.
It follows that the order appealed from should be reversed, motion granted, judgment vacated and a new trial granted, with costs to appellant to abide event.
Guy and Wagner, JJ., concur.
Order reversed and new trial granted, with costs to appellant to abide event.